UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gary Stellmach,

    Plaintiff,

v.                                                            Civil No. 06-894 (JNE/RLE)
                                                                  ORDER

City of Babbitt; Peter Pastika, Babbitt
City Administrator; and Terrence Switajewski,
Babbitt Chief of Police,

    Defendants.

---

Michael K. O'Tool, Esq., O'Tool Law Office, appeared for Plaintiff Gary Stellmach.

Susan M. Tindal, Esq., Iverson Reuvers, LLC, appeared for Defendants City of Babbitt, Peter Pastika, and Terrence Switajewski.

---

Gary Stellmach brought this action against the City of Babbitt, Babbitt City Administrator Peter Pastika, and Babbitt Chief of Police Terrence Switajewski (collectively, Defendants) under 42 U.S.C. § 1983 (2000), alleging violations of the Fourth, Fifth and Fourteenth Amendments. Stellmach also asserts various state-law claims. The matter is before the Court on Defendants' motion for summary judgment. For the reasons set forth below, the Court grants the motion.

**I.     BACKGROUND**

On May 25, 2003, Officer Koponen[1] responded to a domestic abuse call. Before Officer Koponen arrived, the suspect went to Stellmach's house. Officer Koponen asserts that he could hear the suspect yelling inside Stellmach's house and that the suspect was intoxicated. Officer Koponen called for backup. With backup present, Officer Koponen knocked on Stellmach's

---

[1]     Officer Koponen is not a named defendant.

door, identified himself as a police officer, and requested that the door be opened. Officer Koponen then kicked in the door. Stellmach contends that he was bending down to open the door at this time, that the door hit him in the head, and that the door's impact caused spinal injuries. Stellmach also contends that Officer Koponen and Chief Switajewski had harassed him for years.

## II.     DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.     Section 1983 claims**

Stellmach asserts claims under section 1983 for deprivation of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within

2

> the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Stellmach asserts his section 1983 claims against the City of Babbitt and the individual defendants in their official capacities only. A suit against an employee in his official capacity is a suit against the public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, Stellmach's section 1983 claims are against the City of Babbitt only.

It is well established that a governmental entity cannot be held liable under section 1983 on a respondeat superior theory. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). In *Monell*, the Supreme Court held that a municipality could be sued under section 1983 only for the entity's unconstitutional policies or customs. *Id.* at 694. For a municipality to be liable under section 1983, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation." *Id.*

Stellmach argues that the City of Babbitt is liable under section 1983 because it "allowed its police to establish and continue a custom of allowing ongoing harassment of its citizens which directly led to the attack upon [him]." In particular, Stellmach contends that Officer Koponen and Chief Switajewski harassed him for several years. For example, Stellmach claims that the two repeatedly drove past his house during the day and that "[t]hey would drive past [his] house at night and shine their spot light into the house for no reason." In addition, Stellmach claims that Officer Koponen would follow him in town and stand in front of him to block his path. Stellmach argues that the kicking in of his door was an extension of this harassment.

A custom is demonstrated by: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking

officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entity's custom, *i.e.*, proof that the custom was the moving force behind the constitutional violation. *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998). Viewing the evidence in the light most favorable to Stellmach, the Court concludes that Stellmach has failed to identify a genuine issue of material fact to support his claim that the City of Babbitt maintained an unconstitutional custom of harassment. First, there is no evidence of a continuing, widespread, persistent pattern of unconstitutional conduct. Even accepting as true Stellmach's factual assertions that Officer Koponen and Chief Switajewski drove past his house and that Officer Koponen followed him, there has been no showing that any such conduct was unconstitutional. Nor is there evidence of a pattern of unconstitutional searches or seizures by the City of Babbitt's police officers. In addition, other than Stellmach's general assertion that Officer Koponen and Chief Switajewski "had been harassing [him] for years", there has been no evidentiary showing that any such conduct was continuing, widespread, or persistent. Second, there is no evidence of deliberate indifference or tacit authorization by policymaking officials after notice of misconduct. Third, there is no evidence that the alleged unconstitutional custom was the moving force behind the May 25 entry into Stellmach's house.

     Stellmach also argues that the City of Babbitt failed to properly train its police officers. For a municipality to be liable for a failure to train, a plaintiff must prove that it failed to adequately train its employees and that its failure "reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). It is not enough that a particular officer is unsatisfactorily trained, that a program has been negligently administered, or that an injury could have been avoided with better training. *Id.* at 391. In support of his failure to train argument, Stellmach relies solely on his conclusion that

4

Officer Koponen's training must have been inadequate because of the alleged pattern of harassment and the single alleged illegal entry. Viewing the evidence in the light most favorable to Stellmach, no reasonable factfinder could conclude that the City of Babbitt failed to properly train Officer Koponen or that it was deliberately indifferent to the constitutional rights of its inhabitants.

**B.      State-law claims**

Stellmach's second cause of action asserts various state-law claims. The basis for the Court's jurisdiction over these claims is 28 U.S.C. § 1367(a) (2000), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as the claims that fall within the district court's original jurisdiction. A district court may, in its discretion, decline to exercise supplemental jurisdiction when "all claims over which it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c)(3); *see Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (holding district court did not abuse its discretion in declining to exercise supplemental jurisdiction over state-law claim pursuant to section 1367(c)(3)). In this case, Defendants are entitled to summary judgment on all claims that fall within the Court's original jurisdiction. The Court declines to exercise supplemental jurisdiction over, and therefore dismisses without prejudice, Stellmach's state-law claims.

## III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion for Summary Judgment [Docket No. 14] is GRANTED.

2. The First Cause of Action (42 U.S.C. § 1983) of Stellmach's Complaint [Docket No. 1] is DISMISSED WITH PREJUDICE.

3. The Second Cause of Action (Ancillary State Actions) of Stellmach's Complaint [Docket No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 26, 2007

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge